THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF UNION, IN THE COUNTY OF UNION, PLAINTIFFS IN ERROR, AND GUSTAVUS W. RADER ET AL., DEFENDANTS IN ERROR.

THE SAME v. RICHARD H. AVERY.

THE SAME v. WILLIAM S. DAVENPORT.

By the act of March 29th, 1871, (*Pamph. L., p.* 1034,) the legislature created the inhabitants of a part of Union township, in the county of Union, a body corporate under the name of the *Southeasterly Road*

District of the county of Union, for the purpose of laying out, opening and improving streets, highways and public parks. It provided for commissioners of public works, defined their powers and duties, &c. By the act of April 1st, 1872, (*Pamph. L., p.* 972,) this act was repealed, and the township committee substituted in their place as far as necessary for the completion of improvements under way and which it might be deemed desirable to finish; and provided that the repeal should not in any way impair any legal contracts which the board of commissioners had made and which might remain unexecuted. *Held—*

1. That it was the intention of the legislature to transfer to and impose upon the township committee the liabilities which the commissioners had legitimately contracted within the scope of their duties and for the object of their appointment.

2. That debts of the commissioners contracted for compensation, &c., of surveyor and his assistants, for services of a clerk, and for sewer pipe for use in making improvements, must be considered as liabilities fairly incurred by the commissioners in and about the work they were authorized to do.

In error to the Supreme Court.

For the plaintiffs in error, *Magie & Cross.*

For the defendants in error, *Williamson, Man & Spencer.*

The opinion of the court was delivered by

THE CHANCELLOR. By an act of the legislature approved March 29th, 1871, (*Pamph. L., p.* 1034,) entitled "An act in relation to streets in Union township, in Union county," the inhabitants of a part of that township were created a body corporate by the name of "The Southeasterly Road District of the township of Union, in the county of Union," for the purpose of laying out, opening and improving streets, roads, highways and public parks within the boundaries specified in the act, and for exercising the rights, powers and franchises conferred by the act. The act provided that there should be a board of five persons, resident in the district, to be called commissioners of public roads, whose duty it should be to exercise the powers and duties conferred by the act, and who should have exclusive control over the roads and highways

Township of Union v. Rader.

within the district. It further provided that it should be lawful for the commissioners, or a majority of them, and that they should have exclusive power, to lay out streets, avenues, and public parks within the district, and that for such purpose it should be lawful for them, and all persons acting under their authority, to enter upon any lands; and that they should cause maps, plans and surveys to be made from time to time of the streets, avenues and public parks so laid out by them, and of the alteration or vacation thereof proposed by them, with the elevation of the several intersections of the streets marked thereon, &c. The act provided that after notice had been published and an opportunity to inspect and object to the maps and plans had been afforded, the commissioners might proceed to amend or adopt them; that after the maps and plans were adopted by the commissioners, or a majority of them, and filed in the office of the clerk of the county, they should be final and conclusive as to all persons whomsoever; and that whenever streets or highways or public parks should be thereafter opened in the district, it should be according to lines laid down on the maps. The act directed that the commissioners should keep a record of their proceedings, and they were authorized to employ a clerk, surveyor and such assistants as might be necessary. By the fifth section of the act it was provided that the commissioners should receive for their services, under the act, the sum of $3 a day for each day of actual service, and that the amount of that compensation, together with the compensation of the clerk and of the surveyors and their assistants, should be included in the amount of the cost and expenses of each improvement. The proceedings for taking land for the improvements contemplated by the act and providing for payment of the costs and expenses thereof were to be according to the provisions of the charter of Elizabeth in those respects. By an act approved April 1st, 1872, (*Pamph. L.*, *p.* 972,) the act of 1871 was repealed, but it was provided that the repeal should not in any way affect or impair any legal contracts which the board of commissioners had made and which might remain unexecuted in

whole or in part at the time of the passage of the repealer, or any indebtedness contracted by the commissioners for improvements made under the original act; but that the township committee of the township of Union, and their successors, should have power, and they were thereby authorized to compromise and settle with the contractors, if possible, on such reasonable terms as, in their judgment, they might deem for the best interests of the district; or if a settlement could not be made, then to carry out and complete all such legal contracts as the commissioners had theretofore made, and which remained unexecuted, in whole or in part, at the time of the passage of the repealer; and to pay all just debts contracted by the commissioners for improvements made under the original act. And in order that the township committee and their successors might be enabled to determine, settle or complete such unexecuted contracts and pay such indebtedness, if any, they were thereby authorized to borrow such sums of money as might be necessary for that purpose and to provide for the payment of the sums so borrowed by the issue of the bonds of the township. Power was given to the township committee to levy and collect assessments for improvements completed and for the improvements which they might complete. The repealer was to take effect immediately. Suits were brought after the repeal against the township committee by Gustavus W. Rader and Michael Schmidt, to recover the price of sewer pipe sold and delivered by them to the commissioners for use in making the improvements contemplated by the original act; by Richard H. Avery, to recover his salary for four months next preceding and up to the time of the repeal, as clerk of the board of commissioners, and by William S. Davenport, to recover his salary as surveyor for three months next preceding March, 1878, and the rent for four months next preceding and up to the time of the repeal of the office, which he rented by authority of the board, and also cash paid by him for labor in January and February, 1871, and cash paid for materials and cash paid to the county clerk and to his, the surveyor's, assistants, all by order of the board.

Judgment was recovered by the plaintiffs in those suits for their respective demands, and those judgments are now before this court for review on error assigned. The Supreme Court, in *Rader* v. *Township Committee*, 10 *Vroom* 509, passed upon all the questions which are presented here, except that which relates to the character of the debts. I concur in the views of that court in regard to the questions dealt with in the opinion in that case.

It is urged that the debts sued for were not "just debts contracted by the commissioners for improvements" under the act; that the act did not authorize the commissioners to buy sewer pipe, and did not authorize them to employ a clerk or surveyor at a fixed salary, or to incur the expenses for office rent, &c., for which Davenport, the surveyor, has recovered judgment. It will have been seen that the original act provided that the commissioners should keep a record of their proceedings, and should have power to employ a clerk and surveyor and such assistants as might be necessary. The initial proceeding for the contemplated improvements was the making of maps, plans and surveys to which the improvements were to conform and which were to be completed before the improvements were begun. A due proportion of the cost of the clerical work and of that of the surveyor and his assistants was, by express provision, to be included in the amount assessed for the cost of each improvement. The claim as against the township derives its validity, however, from the repealer, which provided that the township committee should pay all just debts contracted by the commissioners for improvements under the original act. The debts sued for are all within that description. They were all contracted for the contemplated improvements. The compensation of the surveyor and his assistants was for the work (the maps, plans and surveys) which was a necessary preliminary to all the improvements and without which they could not have been undertaken. The services of the clerk had a like relation to the improvements, and the sewer pipe was purchased for use in making the improvements, of some of which they were to be a part. The

disbursements made by the surveyor for office rent by order of the board may be properly regarded as a debt contracted by the commissioners for the improvements, and so with the rest of the disbursements in the surveyor's bill.   The object of the legislature undoubtedly was, by the repealer, to impose upon the township the burden of all the liabilities fairly incurred by the commissioners in and about and for the work which it had authorized them to do.   After the commissioners had progressed to a considerable length in the discharge of their duties, and had incurred liabilities for the improvements which the legislature had made it their duty to plan and execute, the legislature stopped their work, and substituted the township committee in their place as far as necessary for the completion of the improvements which were under way, and which it might be deemed desirable to finish.   At the same time it transferred to the township committee the power to assess for improvements, and it intended to transfer to and impose upon them the liabilities which the commissioners had legitimately contracted within the scope of their duties and for the object of their appointment.   The theory of that legislation was that the township had had, or would have, the benefit of the work of the commissioners, and therefore should pay the cost of it.   A reasonable construction of the act makes the committee liable for all the debts for which the judgments were recovered.   The act should be construed liberally.

The view taken by the justice at the trial as to the time when Davenport's action accrued, is correct.

The judgments should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DE-
PUE, DIXON, KNAPP, REED, SCUDDER, WOODHULL, DODD,
GREEN, LILLY—11.

*For reversal*—None.